

Office of the Attorney General
John M. Weisenberger
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

Attorneys for the Government of Guam

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| LEODEGARIO M. CAPULONG,<br><br>    Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION OF GUAM,<br><br>    Defendant. | CIVIL CASE NO. 10-00005<br><br>DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(1), 12(b)(2), 12(b)(4)- 12(b)(6), 12(h)(3) and 41(b); MEMORANDUM IN SUPPORT OF MOTION TO DISMISS<br><br><u>ORAL ARGUMENT NOT REQUESTED</u> |

## MOTION

Defendant, DEPARTMENT OF EDUCATION OF GUAM, ("DOE"), by counsel, moves and respectfully requests an order from this Court pursuant to Rule 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(6), 12 (h)(3) and Rule 41(b) of the Federal Rules of Civil Procedure for dismissal of this action, with prejudice, for lack of subject matter jurisdiction, lack of personal jurisdiction over the Defendant, insufficiency of process and service of process, Plaintiff's failure to state a claim upon which relief can be granted, and Plaintiff's failure to

*Page 1*
*Motion to Dismiss and Memorandum*
*US District Court Civil Case No. CV 10-00005*
*Capulong v. DOE*

abide by the federal and local rules of procedure and practice. This Court does not have subject matter or personal jurisdiction over DOE. Morever, the Government of Guam's sovereign immunity (extended to its agencies) bars this action in the District Court of Guam by an individual.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Plaintiff filed a Complaint on March 30, 2010, against DOE for violation of Title VII, the Americans with Disabilities Act, The Genetic Nondiscrimination Act, and the Age Discrimination in Employment Act. DOE is a line agency of the Government of Guam. Defendant did not sue the Government of Guam. Moreover, the Complaint was not received by the Attorney General's Office until July 7, 2010.

Plaintiff's Complaint does not state sufficient factual allegations to even warrant notice pleading as is required. There is no appropriate jurisdictional statement as is required under the local rules. Moreover, Plaintiff simply makes the following statement in support of his complaint for allegedly the four causes of action stated in his caption:

> "Unlawfully terminated after One month of teaching. Harassment, Accusation based on lies, Unlawful determination, Humiliation in front of students, Ineffective decisions, Violation of the Certification Office, Guam DOE assigning me to a subject that I am not certified."

Plaintiff's pleading is merely conclusory without any supporting factual allegations. The complaint is vague as to dates and places worked. Plaintiff has worked for DOE on several occasions. Plaintiff was a probationary teacher at the time of his most recent termination. Plaintiff's complaint does not set forth the causal elements for any cause of action indicated in his caption.

Plaintiff's Complaint does not establish that this Court has subject-matter jurisdiction. Defendant contends the District Court does not have subject-matter jurisdiction over Plaintiff's claim for wrongful termination and that the action must be dismissed with prejudice. Additionally, Defendant is not a proper party and cannot be sued in the District Court of Guam due to its sovereign immunity. Neither DOE nor the Government of Guam has waived sovereign immunity so as to allow Plaintiff to bring this tort action in the District Court of Guam.

### A. Lack of Subject Matter Jurisdiction under FRCP 12(b)(1) and 12(h)(3)

#### 1. No Proper Assertion of Subject-Matter Jurisdiction by Plaintiff

Under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1), a party may assert a defense for lack of subject-matter jurisdiction by motion or in a responsive pleading. Under FRCP 12(h)(3), "If the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action." Additionally, under Local Rule 10.1(a), "each complaint . . . shall state in a separate paragraph entitled "jurisdiction" the statutory or other basis for jurisdiction and the facts supporting jurisdiction . . . ." Finally, FRCP 8(a), states that "[a] pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ."

Plaintiff's jurisdictional paragraph in his Complaint fails to state a valid jurisdictional basis on which this Court can proceed. Plaintiff asserts several claims only in the caption of his Complaint, but fails to allege a sufficient jurisdictional or factual basis to support his filing the lawsuit in federal court.

Plaintiff's Complaint does not allege sufficient facts showing that he was unlawfully terminated in violation of <u>any federal law</u>. Plaintiff has not alleged specific factual

allegations supporting a legitimate and redressable claim for relief for wrongful termination and/or retaliation <u>under any federal law.</u> Defendant requests that this Court find it does not have original jurisdiction over this action and thus cannot exercise supplemental jurisdiction over the potential state law claim for wrongful termination.

2. **Sovereign Immunity and Defendant's status as a line agency**

a. <u>DOE is a line agency and Not a Proper Party</u>

DOE is not a proper party to this action, because the Guam legislature has not given DOE the authority to sue or be sued. DOE is not an autonomous agency. A line agency of the government cannot generally be sued. <u>Actmedia, Inc. v. Stroh</u>, 830 F.2d 957, 963 (9th Cir. 1986)(Plaintiff's claims against a state agency were jurisdictionally barred by the Eleventh Amendment, because there was no authorization or consent for such state agency to be sued in federal court); <u>Wood v. Guam Power Authority</u>, 2000 Guam 18 (2000); <u>Singer v. Schweiker</u>, 694 F.2d 616, 617 (9th Cir. 1982).

b. <u>The Government of Guam Has Not Waived Sovereign Immunity</u>

In the present case, Plaintiff has not named the Government of Guam as a Defendant, but even if he had done so, the Government of Guam's sovereign immunity would be a jurisdictional bar to this suit. Absent a specific waiver of Guam's sovereign immunity, the District Court does not have jurisdiction over tort claims by private citizens against the Government of Guam (or by extension, a line agency of the Government of Guam). DOE has not waived sovereign immunity.

The Government of Guam was established by the Organic Act of Guam. Under the Organic Act, the Government of Guam has the power to sue in its own name and "with the consent of the legislature evidenced by enacted law, may be sued upon . . . any tort

committed incidental to, the exercise by the government of Guam of any of its lawful powers." 48 U.S.C. § 1421(a)(1987). The Government of Guam's sovereign immunity may be waived, then, only by statute enacted by the Legislature.

As a sovereign government, the Government of Guam has inherent sovereign immunity. Marx v. Government of Guam, 866 F.2d 294, 298, 301 (9th Cir. 1989)(Guam's inherent sovereign immunity protects it, as a sovereign, from suit without its consent.); see also Crain v. Government of Guam, 195 F.2d 414, 416 (9th Cir. 1952). The authority and power to waive the immunity to suit of the government of Guam, or any of its authorities, departments, agencies, or instrumentalities is vested solely in the Guam Legislature. 1 G.C.A. § 405; Marx, at 298; Wood v. Guam Power Authority, 2000 Guam 18 (2000).

Guam's sovereign immunity is based on the same principles that underlie the Eleventh Amendment, which acts as a jurisdictional bar to any lawsuit by a private citizen against a state government in federal court, unless there has been a specific waiver of such immunity. Lawson v. Bouck, 747 F. Supp. 376, 378 (Mich. 1990). Sovereign immunity, like that of the Eleventh Amendment, is an explicit limitation on federal jurisdiction that prevents even private citizens of a state from suing a state in federal court. Pennhurst State School & Hospital v. Halderman, 104 S.Ct. 900 (1984).

There are instances where a state may waive its immunity but only if the state offers an "unequivocal indication" that it consents to suit in federal court. Charley's Taxi Radio Dispatch v. SIDA of Hawaii, 810 F.2d 869, 873 (9th Cir. 1987). Such an intention may be found where (1) the state has expressly consented to federal jurisdiction in the context of the litigation; (2) a state statute or constitution provision expressly provides for suit in federal court; or (3) Congress clearly intends to condition the state's participation in a program or

activity on the state's waiver of immunity. Id. None of the above applies in this case. Moreover, a waiver of sovereign immunity must be expressed and cannot be implied. To constitute an express waiver, the statute at issue must specify the state's intention to be sued in federal court. Holloman v. Wall, 708 F.2d 1399, 1401-02 (9th Cir. 1983).

Defendant has not consented to this suit in federal court and neither Congress nor the Guam Legislature has waived the Government of Guam's sovereign immunity for tort actions brought by private citizens of Guam in the District Court of Guam. Even if Plaintiff had claimed that Defendant had somehow waived the Government of Guam's sovereign immunity, such claims of waiver are narrowly construed. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1984).

An example of the Guam Legislature's waiver of sovereign immunity is found in the Government Claims Act. 5 G.C.A. § 6101, et. seq. The government Claims Act provides a waiver of sovereign immunity for tort actions, based on negligence, brought in the Superior Court of Guam. 5 G.C.A. §§ 6105, 6208. Guam has consented only to tort actions being brought in the Superior Court based on the Government Claims Act. This waiver of immunity in state court does not constitute a waiver of its sovereign immunity so as to allow tort actions by private persons against the Government of Guam in federal court.

<u>Absent a specific waiver of Guam's sovereign immunity to allow suit in federal court, the District Court does not have jurisdiction over tort claims by private citizens against the Government of Guam.</u> Because Plaintiff has not pled a basis for this Court's subject-matter jurisdiction, and because subject-matter jurisdiction cannot be waived by the Court or a party, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

### B. Lack of Personal Jurisdiction under FRCP 12(b)(2)

Plaintiff has not named an appropriate party to sue in federal court, since he has named a state government line agency as the sole Defendant in this case. Such line agency is incapable of being sued as a Defendant under FRCP 9. Additionally, Plaintiff has not complied with FRCP 4(k)(1) or (2) to establish personal jurisdiction over Defendant, because Defendant is not a "person" capable of being sued in federal court.

### C. Insufficiency of Process under FRCP 12(b)(4)

DOE is not a properly named party to this action and cannot be sued in federal court. Process served on Defendant in this case is thus insufficient under the rules.

### D. Failure to State a Claim for Relief under FRCP 12(b)(6)

Under FRCP 8(a), "A pleading which sets forth a claim for relief . . . shall contain . . . (2) a short and plain statement showing that the pleader is entitled to relief . . . ." Plaintiff has failed to show he is entitled to relief for his claim of wrongful termination against DOE.

Under FRCP 12(b)(6), a party may assert by motion a defense that a party has failed to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim for which relief must be granted when the complaint fails to state (1) a cognizable legal theory; or (2) sufficient facts to support a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533 (9th Cir. 1988); First Hawaiian Bank v. Manley, 2007 Guam 2 (2007). In analyzing such a motion, the court must accept all facts stated in the complaint as true. Robertson v. Dean Witter Reynolds, Inc., supra; First Hawaiian Bank v. Manley, supra.

In this case, there is no legally cognizable theory under which Defendant, even if it was a proper party before this Court, could be held liable, in federal court, for the alleged

unlawful termination of Plaintiff. Plaintiff has not generally or specifically pled any of the required legal elements, nor any supporting factual allegations, to support any of the four causes of action stated in the caption of his Complaint. Rather, he just makes conclusory allegations as to his unlawful termination.

Plaintiff filed a Charge of Discrimination on May 23, 2009, for retaliation under Title VII of the Civil Rights Act of 1964, as amended, but not for discrimination or any of the other causes of action. [EEOC charge No. 486-2009-00344, Plaintiff's Complaint, p. 29]. Plaintiff did not check the boxes for age and disability discrimination, in addition to any other alleged bases for discrimination. The EEOC issued him a right to sue letter on or about December 31, 2009, for his retaliation claim. [Plaintiff's Complaint, p. 15]. Plaintiff's Complaint, however, does not reference this charge nor does it provide any factual allegations or the required legal elements to support a claim for retaliation.

To assert a claim for relief for retaliation under Title VII, Plaintiff must allege that: (1) he opposed an unlawful employment practice; (2) he suffered an adverse employment action; and (3) adverse employment action was caused by his opposition to the unlawful employment practice. David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003).

There is no basis for a federal law claim for relief for retaliation, because Plaintiff has not pled any elements to show that he opposed an unlawful employment practice and that he was terminated as a result of his opposition to such employment practice. Plaintiff's prior EEOC charge was settled informally between the parties after he was terminated. Pursuant to that settlement agreement, attached to Plaintiff's Complaint as pages 25-27, GPSS agreed to give meaningful consideration to Plaintiff's employment application and encouraged him to re-apply. This agreement was signed on January 29, 2008. Plaintiff was hired as a teacher

at Untalan Middle School in October 2008. He was terminated on January 23, 2009. Plaintiff was not retaliated against for the filing of his prior charge. Rather, Plaintiff was re-hired.

Under Board of Regents v. Roth, 408 U.S. 564, 569 (1972), a plaintiff "must have more than an abstract need or desire for [a thing] . . . [and] more than a unilateral expectation of it." Roth, at 577. A plaintiff must have a legitimate claim of entitlement to it. Id. Even at the Rule 12(b)(6) stage, where notice pleading governs, courts are not obliged to credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Behavioral Health Care Partners, Inc. v. Gonzales-Rivera, 392 F. Supp. 2d 191, 198 (2005); Aulson v. Blanchard, 83 F.3d 1, 3(1st Cir. 1996).

Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit in federal court for any alleged Americans with Disabilities Act claim or the Age Discrimination in Employment Act. He simply puts those causes of action in his caption, but fails to provide the necessary factual information sufficient to support any such causes of action. His pleading does not constitute the necessary notice pleading, and is defective. However, since he failed to exhaust his administrative remedies as to these causes of action, these claims must be dismissed. Plaintiff has not properly pled any such causes of action, and he is barred by the statute of limitations from doing so at this time. As for any alleged claim under the Genetic Information Discrimination Act, that Act was not even effective at the time of Plaintiff's termination. It did not become effective against employers until November 21, 2009.

Plaintiff was a probationary employee who could be terminated at will, for any reason or no reason. Good cause is not required to terminate probationary government employees.

Plaintiff has not contested the fact that he was a probationary employee when he was terminated. The documents attached to Plaintiff's Complaint indicate he was terminated while he was a probationary employee. [Plaintiff's Complaint, Page 8].

Despite the allowance of notice pleading, Plaintiff's complaint is so vague that it does not give Defendant fair notice as to his claims. The court should not second guess the litigants "and grant them relief they did not request, pursuant to legal theories they did not outline, based on facts they did not relate." Adler v. Duval County Sch. Bd., 112 F.3d 1475, 1481 n.2 (11th Cir. 1997). See also Whitney v. New Mexico 113 F.3d 1170, 1173-4 (10th Cir. 1997) (Even when a Plaintiff is appearing pro se, the court cannot "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf.").

**E. Involuntary Dismissal Under FRCP Rule 41(b)**

Defendant respectfully requests that this Court dismiss Plaintiff's action under FRCP 41(b) due to Plaintiff's failure to comply with the Federal Rules of Civil Procedure and Local Rule 10.1. Plaintiff has not stated a valid jurisdictional basis, and factual allegations to support such request for jurisdiction, has not stated valid claims for relief, nor has Plaintiff sued an appropriate entity in federal court.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

## REQUEST FOR RELIEF

Accordingly, Defendant requests that this Court dismiss the current action with prejudice for lack of subject-matter jurisdiction, lack of personal jurisdiction, insufficiency of process, Plaintiff's failure to state a claim upon which relief can be granted, and for Plaintiff's failure to follow the Federal Rules of Civil Procedure and Local Rules of practice.

Respectfully submitted this 26th day of July, 2010.

OFFICE OF THE ATTORNEY GENERAL
John M. Weisenberger, **Attorney General**

By: _____
**DONNA E. LAWRENCE**
Assistant Attorney General
287 West O'Brien Drive
Hagatna, GU 96910
dlawrence@guamattorneygeneral.com
(671) 475-3324 x 148