DISTRICT COURT OF GUAM

LEODEGARIO M. CAPULONG,

Plaintiff,

vs.

DEPARTMENT OF EDUCATION OF GUAM,

Defendant.

Civil Case No. 10-00005

**OPINION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(1), 12(b)(2), 12(b)(4)-(6), 12(h)(3), and 41(b)**

Before the court is a motion to dismiss filed by the Defendant Guam Department of Education ("the Department") through the Office of the Attorney General of Guam, requesting the court dismiss the complaint filed by the Plaintiff Leodegario M. Capulong ("the Plaintiff"). The Plaintiff, who is proceeding *pro se* in this case, did not file a response. Because this court finds that it lacks subject matter jurisdiction, the court hereby **GRANTS** the motion to dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff, proceeding *pro se* in this case, filed a Complaint on March 30, 2010, alleging unlawful termination and harassment, and also raising less straightforward claims, including "Accusation based on lies"; "Unlawful determination"; "Humiliation in front of students"; "Ineffective decisions"; "Violation of the Certification Office"; "Guam DOE assigning [him] to a subject that [he is] not certified." Docket No. 1, Complaint. The Plaintiff cites several statutes as the basis for federal jurisdiction, specifically, Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act or the Age Discrimination in Employment Act. *See id.*

1  The Department filed the instant motion to dismiss on July 27, 2010. *See* Docket No. 9.
2  The Department argues that dismissal is proper, because the court lacks subject matter
3  jurisdiction and personal jurisdiction; insufficient service of process; and failure of the complaint
4  to state a claim for relief under Federal Civil Procedure Rule 12(b)(6). *See* Docket No. 9,
5  Motion.

**II.    ANALYSIS**

Before even considering the merits of the Plaintiff's claims, this court must resolve the threshold issue of jurisdiction. This court recognizes that "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, Estelle, 429 U.S. 97, 106 (1976)). The Ninth Circuit recently announced that pro se complaints should be liberally construed in light of the heightened pleading standard articulated in *Ashcroft* v. *Iqbal*, 129 S. Ct. 1937 (2009). *Hebbe v. Pliler*, 627 F.3d 338, 341-342 (9th Cir. 2010). Nevertheless, even allowing for a liberal interpretation of the Plaintiff's complaint, dismissal is required, because this court lacks subject matter jurisdiction.

"The question of the immunity of a sovereign from suit is a question of subject matter jurisdiction." *Pacific Drilling, Inc. v. Marinas Drilling, Inc.*, Civ. No. 85-0016A 1985 WL 56585, * 3 (D. Guam App. Div. Sept. 27, 1985). Here, the Department asserts that sovereign immunity bars the instant suit. *See* Docket No. 9.

The Organic Act of Guam invested the Government of Guam with sovereign immunity. *See* 48 U.S.C. § 1421a (stating that the Government of Guam may be sued "with the consent of the legislature evidenced by enacted law"); *see also He v. Gov't of Guam*, 2009 Guam 20 ¶ 26 ("The Organic Act of Guam provides that GovGuam may only be sued in tort 'with the consent of the legislature evidenced by enacted law,' thereby giving GovGuan sovereign immunity") (quoting 48 U.S.C. § 1421a). "[C]ontrolling authority and the legislative history of the Organic Act compel our holding that the government of Guam has inherent sovereign immunity." *Marx v. Gov't of Guam*, 866 F.2d 294, 298 (9th Cir. 1989).

It is undisputed that the Plaintiff has named the "Department of Education of Guam" as the sole defendant in the case. The Department is a line agency of the Government of Guam; thus, the Department is likewise protected by sovereign immunity. *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (citation and quotation marks omitted) ("[A]gencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court."); *see also Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."); *In re Harleston*, 331 F.3d 699, 701 (9th Cir. 2003) ("Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state. That immunity applies to state agencies as well.") (quotation marks and citation omitted).

Sovereign immunity is not absolute and maybe waived. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Waiver will generally exist where the state or agency either voluntarily invokes jurisdiction or makes a clear declaration that it intends to submit itself to jurisdiction. *Id.* at 675-76. The issue, then, is whether the Department or the Government of Guam has waived sovereign immunity to allow suit in this case. *Wood v. Guam Power Auth.*, 2000 Guam 18, p. 4 ("In order for someone to sue the Government of Guam or any governmental agency, sovereign immunity must be waived.").

Sovereign immunity is found only in statutes enacted by the Guam Legislature, which has "chosen, by way of 5 GCA § 6101 et seq. (the Government Claims Act), to grant a limited waiver of sovereign immunity subject to numerous conditions." *He v. Gov't of Guam*, 2009 Guam 20, ¶ 26. The Supreme Court of Guam explained:

> [T]he Organic Act provides a very specific mechanism by which the government of Guam's inherent sovereign immunity may be waived. Under the Organic Act, a waiver of immunity must be in the form of duly enacted legislation. 48 U.S.C. § 1421a. The Guam Legislature is the sole body tasked with defining the scope of the government's immunity, and can broaden or restrict the government's amenability to suit and ultimate liability.

*Sumitomo Constr. Co., Ltd. v. Gov't of Guam*, 2001 Guam 23 ¶ 24.

The Government Claims Act provides:

**§ 6105. Waiver of Immunity.**

Pursuant to Section 3 of the Organic Act of Guam, the Government of Guam hereby waives immunity from suit, but only as hereinafter provided:

(a) for all expenses incurred in reliance upon a contract to which the Government of Guam is a party, but if the contract has been substantially completed, expectation damages may be awarded;

(b) for claims in tort, arising from the negligent acts of its employees acting for and at the direction of the government of Guam, even though occurring in an activity to which private persons do not engage. For the purposes of this chapter, any officer or enlisted person of the Guam National Guard on territorial duty or any nursing student acting for and at the direction of the University of Guam or of the Guam Community College shall be deemed an employee of the government.

(c) The Government of Guam shall not be liable for claims arising from an exercise of discretion in making policy.

5 G.C.A. § 6105. Here, the Plaintiff has sued the Department on a number of claims which are not based on contract or negligence; specifically: unlawful termination, "Accusation based on lies"; "Unlawful determination"; "Humiliation in front of students"; "Ineffective decisions"; "Violation of the Certification Office"; "Guam DOE assigning [him] to a subject that [he is] not certified." Docket No. 1, Complaint. In addition, the Plaintiff alleges harassment, which is an intentional tort. The Supreme Court of Guam held, however, that "Guam's sovereign immunity has not been waived with respect to intentional torts." *Wood*, 2000 Guam 18, p. 7. "Neither caselaw nor statute support a suit against the Government of Guam premised on an intentional tort." *Id.*, p. 5. The Plaintiff's claims do not fall within the waiver of sovereign immunity found under Guam law. *See* 5 G.C.A. § 6105.

Furthermore, the Department has not expressed its consent to this suit. "A sovereign may waive its immunity by unequivocally expressing its consent to a court's jurisdiction." *Marx*, 866 F.2d at 301. The Department did not consent to this court's jurisdiction. Rather, like the Government of Guam in *Marx*, the Department asserted its sovereign immunity in its motion to dismiss. *See id.*

"Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter

jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*. 546 F.3d 981, 984-85 (9th Cir. 2008). As discussed, the court finds that there has been no waiver of sovereign immunity either in Guam law, or by the Department. "Without a waiver of sovereign immunity, courts lack jurisdiction to hear a suit against the Government of Guam." *Wood*, 2000 Guam 18, p. 7.

**III.     CONCLUSION**

The court finds that there has been no waiver of sovereign immunity, and thus it lacks jurisdiction to hear this case. In light of this finding, it is unnecessary to address the other arguments raised by the Department in its motion to dismiss. Accordingly, the motion to dismiss is **GRANTED.**[1] The Clerk's Office is directed to issue a judgment in accordance with this Order.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Mar 24, 2011**

---

[1] Furthermore, to the extent that the Plaintiff's January 10, 2011 letter may be construed as a motion, such motion is hereby mooted in light of this court's finding that sovereign immunity has not been waived. *See* Docket No. 16.